IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD DILBERT,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,

    Defendant.

                                     /

No. C 05-00087 JSW

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING WITHDRAWAL OF COUNSEL**

On January 4, 2006, the Court issued an order granting the motion filed by Beverly Saxon Leonard to withdraw as counsel for plaintiff Clifford Dilbert. The Court found that Plaintiff's conduct rendered it unreasonably difficult for counsel to carry out the employment effectively. *See, e.g., Denney v. City of Berkeley*, 2004 WL 2648293, *2 (N.D. Cal. 2004); Cal. Rules of Prof'l Conduct 3-700.

At the time of filing, Plaintiff was being held on sexual molestation charges and was out of contact with civil counsel. On the day the jury in the criminal trial was to return its verdict, Plaintiff illegally fled to Canada and was out of touch with his attorney. Plaintiff was convicted in absentia and was thereafter captured in Canada where he fought extradition for approximately six months. Although Plaintiff was returned to Napa County, his former counsel contended that this wrongful termination action has little value and a jury would likely not believe the claims for discrimination given Plaintiff's circumstances. Counsel also contended that because Plaintiff is likely to be incarcerated for years, he will be unable to assist her effectively in the

prosecution of his case.  In addition, although Plaintiff responded to the motion to withdraw and appears to be willing to participate in the preparation of his case, his current circumstances make coordination with counsel very difficult.  In addition, counsel declared that Plaintiff has failed to pay outstanding legal fees and that there is no current arrangement for the payment of fees.

The Court found that the record indicated that Plaintiff's conduct made it unreasonably difficult for counsel to carry out the employment effectively, both because of his incarcerated status and distance from counsel as well as his nonpayment of fees.  In addition, the Court found that the withdrawal would not cause an undue delay or result in an injustice.

By submission dated April 8, 2006, the Plaintiff seeks to have the Court reconsider its ruling granting the withdrawal of counsel.  Plaintiff contends that he has a fee agreement with his former counsel and has paid all fees on time and that, in his absence from the jurisdiction, his brother was in touch with Ms. Leonard.  The Court finds that this additional information does not alter the Court's finding that Plaintiff's conduct has made it unreasonable difficult for counsel to carry out employment effectively and DENIES Plaintiff's motion for reconsideration. Plaintiff shall continue to proceed pro se or shall attempt to local substitute counsel to represent him this matter. Given the difficulty of securing alternate counsel under the circumstances, the Court GRANTS brief extension of time.  Therefore, the Case Management Conference, now set for May 12, 2006 at 1:30 p.m. shall be continued until August 18, 2006 at 1:30 p.m.  The parties' Case Management Statements are due to be filed no later than August 11, 2006.

**IT IS SO ORDERED.**

Dated: April 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2