IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DILBERT,<br><br>        Plaintiff,<br><br> v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>        Defendant.<br>_____/ | No. C 05-00087 MEJ<br><br>AMENDED<br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND PLU STATUS |

Before the Court is Plaintiff Clifford Dilbert's ("Plaintiff") Request for Appointment of Counsel, filed June 25, 2008.

**Related Procedural Background**

On January 5, 2005, Clifford Dilbert ("Plaintiff") commenced this action against John E. Potter ("Defendant").

On October 18, 2005, Plaintiff's then counsel, Beverly Saxon Leonard, filed her *Notice of Motion and Motion to be Permitted to Withdraw as Counsel of Record,* serving a copy of same upon Plaintiff, then incarcerated at San Quentin State Prison. On November 4, 2005, Defendant filed an Opposition to Plaintiff's counsel's motion to withdraw. On December 8, 2005, Plaintiff composed a letter to Judge White regarding his desire to not have his counsel withdraw. On January 4, 2006, the Court issued an order granting Plaintiff's counsel's motion to withdraw..

On April 13, 2006, Plaintiff, representing himself *pro se*, filed a response to the Court's January 4, 2006 *Order Granting Motion to Withdraw*. On April 18, 2008, the Court issued its *Order Denying Motion for Reconsideration of Order Granting Withdrawal of Counsel*. On April 25, 2006, the Plaintiff, representing himself *pro se*, filed a response to the April 18, 2008 Order. On May 11, 2006, the Court filed an *Order Denying Second Motion for Reconsideration of Order Granting Withdrawal of Counsel and Denying Request for Appointment of Counsel*.

On January 16, 2007, Plaintiff, representing himself *pro se*, filed an Application to Proceed *in Forma Pauperis*. On January 17, 2007, the Court issued an *Order Granting Application to Proceed in Forma Pauperis*. On June 25, 2008, Plaintiff, representing himself *pro se*, submitted a *Notice of Motion and Motion for Appointment of Counsel and/or For Order Requiring PLU Status* (28 U.S.C. §1915(d)).

**Request for Appointment of Counsel**

In civil cases, pursuant to 28 U.S.C. § 1915(e)(1), courts have the authority to appoint pro bono counsel for litigants who cannot afford counsel. Appointing counsel is addressed to the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). Finding "exceptional circumstances" involves evaluating the likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his claims in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), which established this two pronged test for evaluating appointment of counsel requests in the context of habeas proceedings).

In employment actions brought under Title VII of the Civil Rights Act of 1964, *pro se* litigants may seek appointed counsel under 42 U.S.C. §2000e, subjecting them to a different set of guidelines. Appointment of counsel in Title VII actions is discretionary. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); it may be considered where the plaintiff demonstrates an inability to pay for private counsel (not necessarily indigence), reasonably diligent attempts to locate counsel, and some merit to the claims presented; additionally, the court may

consider "similar factors particularly relevant under the facts of a given application." *Bradshaw v. Zoological Soc. Of San Diego*, 662 F.2d 1301, 1308, 1318 & n.43, 1319 (9th Cir. 1981).

Plaintiff's seeks appointed counsel as an *in forma pauperis* litigant, though his complaint includes Title VII employment discrimination claims. After considering Plaintiff's papers and pleadings, the Court finds appointment of counsel unwarranted under either standard; accordingly, Plaintiff's Request for Appointment of Counsel is hereby DENIED.

**Ability to Pay for Counsel**

Proceeding *in forma pauperis* requires a greater showing of financial hardship than that required for appointment of counsel. *Ivey*, 673 F.2d at 269. Since Plaintiff is proceeding *in forma pauperis*, he has sufficiently demonstrated an inability to pay for counsel.

**Inability to Secure Counsel**

Depending on the circumstances, evidence of four (4) attempts is likely sufficient to demonstrate inability to secure counsel. *Bradshaw*, 662 F.2d at 1319 & n.45. On January 6, 2006, the Court granted an Order allowing Plaintiff's counsel to withdraw from representation. On March 14, 2006, Plaintiff filed a Notice of Motion and Motion for a Continuance, citing his attempts to secure three (3) potential firms, one of which had already responded negatively. The initial case management conference was continued from May 5, 2006 to May 12, 2006 due to the Court's unavailability. On May 11, 2006, a second continuance was granted, pushing the initial case management conference to October 27, 2006 in an attempt to allow Plaintiff to secure counsel. On October 23, 2006, the Court granted a third and final three month continuance, resetting the case management conference for January 26, 2007. In Plaintiff's June 25, 2008 Motion for Appointment of Counsel, Plaintiff refers to his inability to secure counsel, but does not provide any specific information evidencing new attempts since his March 14, 2006 Motion for a Continuance. For the purposes of appointing counsel, the Court is satisfied that Plaintiff has been "reasonably diligent" in attempting to secure counsel.

**Merit**

Appointing counsel is inappropriate where Plaintiff's chances of success are highly dubious,

3

even if the claim could survive a summary judgment motion. *Pena v. Choo*, 826 F.2d 168 (2d. Dist. 1987). Courts may decline to appoint counsel where a litigant has acted irresponsibly or unreasonably toward his or her prior counsel. *Hill v. Hall*, 818 F. Supp. 269 (E.D. Wisc. 1993). Courts may decline to coerce unwilling counsel to represent an indigent plaintiff. *Bradshaw v. U.S. Dist. Court for Southern Dist. of California*, 742 F.2d 515 (9th Cir. 1984). Plaintiff's attorney was granted a withdrawal, in part because Plaintiff's actions, arising from his criminal trial and conviction on unrelated charges, made representing him too difficult and severely impacted his chances of success. Plaintiff has been unable to secure replacement counsel. The Court declines to coerce counsel into representing a case with very little chance of success.

Exceptional circumstances do not exist sufficient to justify appointing counsel where the plaintiff's *pro se* brief is competently presented. *Gorenc v. Salt River Project Agr. Imp. And Power Dist.*, 869 F.2d 503, 509 (9th Cir. 1989). Plaintiff's literacy, intelligence, and competence, as evidenced in the motions Plaintiff has filed *pro se*, satisfy the Court that he is capable of articulating his claims in light of the complexity of the legal issues involved. Appointment of counsel is unwarranted in this case.

**Request for PLU Status**

There is no constitutional guarantee to unlimited access to prison libraries. *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). "A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, *i.e.*, show a specific instance in which [he] was actually denied access to the courts." *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (internal quotation omitted). Plaintiff has been representing himself *pro se* since January of 2006. Since that time, the Court has granted three (3) continuances and the Plaintiff has had over two and one half years to prepare his case, ample time to access and utilize the library facilities. Plaintiff has at no time demonstrated that his access to the prison library has been so limited as to constitute unreasonableness. Furthermore, and perhaps most importantly, Plaintiff has made no

4

showing of actual injury from a specific instance in which he has been denied access to the courts. Given Plaintiff's failure to meet these two critical standards, Plaintiff's Request for PLU Status is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2009

_____
MARIA-ELENA JAMES
United States Magistrate Judge

5